FRANCISCO GONZÁLEZ FAGUNDO, Plaintiff and Appellant, v. MUNICIPALITY OF LAS PIEDRAS, Defendant and Appellee.

No. 8538. Argued January 27, 1943.—Denied February 4, 1943.

358

*Faustino R. Aponte* for appellant. *Modesto Velázquez Flores* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

The plaintiff, an attorney, sued the Municipality of Las Piedras for collection of $540 for professional services rendered during the fiscal year 1939–40 pursuant to contracts entered into between him and the Mayor of the said Municipality. The Mayor was authorized to sign these contracts by virtue of appropriate resolutions of the Municipal Assembly. The district court dismissed the complaint on the ground that the contracts were null and void because no appropriation for the fiscal year 1939–40 had been made for the payment of such professional services. The plaintiff has appealed from that judgment.

The appellant first contends that under the stipulation entered into between the parties the Municipality was estopped from setting up the defense on which the judgment of the district court was based. This contention is frivolous. Paragraph 8 of the stipulation specifically reserved the defense in question in the following unambiguous language:

It is defendant's wish that it be understood that the defense contained in paragraph or subdivision 10 of the answer is the only one to be interposed against plaintiff's claim in this case, and that

the court shall consider only the evidence offered by said defendant in support of such defense, that is, that in the municipal budget of Las Piedras for the year 1939-40 there was no item or appropriation to cover the obligations contracted with the plaintniff.''

Section 8, subdivision 9, of the Municipal Law (Act No. 53, Laws of Puerto Rico, 1928, p. 334) provides that "no obligations or debts shall be incurred beyond the amounts appropriated in the budget . . .''. This provision is mandatory. (5 McQuillin, Municipal Corporations, 2nd ed., §2331, p. 965; idem, Vol. 3, §1282, p. 847; Simpson v. City of Highwood, 23 N. E. 2d 62, 66, (Ill. 1939)). The rule is therefore well settled that a contract with a municipality for the sale and delivery to the latter of supplies is ultra vires and void if, at the time of the transaction, no amount has been appropriated in the municipal budget for the purpose of meeting any such obligation, or if at the time the supplies are furnished, the amount appropriated therefor in the budget has been exhausted. Moscoso Hno. & Cía. v. Municipality, 50 P.R.R. 181, 182, 183; Humacao Lumber Co. v. American Surety Co., 59 P.R.R. 164, 168; Municipality of Río Piedras v. Serra, Garabis & Co., 65 F. (2d) 691, 693, 694 (C.C. 1st, 1932); 3 McQuillin, supra, §1282, p. 845.

We see no difference between contracts for legal services to be rendered to a municipality and "obligations or debts" of any other sort. The prohibition against incurring obligations where no appropriations exist therefor being absolute, it necessarily includes contracts for legal services. Butler v. City of Charlestown, 7 Gray 12 (Mass. 1856); 3 McQuillin, supra, §1275, p. 824; idem, §1277, p. 826, note 33. Indeed, the considerations of policy which gave rise to this rule of law apply to contracts for legal services as well as to other types of obligations. Since there was no appropriation in the municipal budget for the fiscal year 1939-40 to defray the expenses of the contracts between the appellant and the municipality for legal services, the contracts were

360

*ultra vires* and void. See annotations in 136 A.L.R. 116, 123; 83 A.L.R. 135.

Whatever may be the rule with reference to private contracts, *ultra vires* and void contracts under the circumstances involved herein cannot be hold to be ratified by partial payments for the services rendered thereunder. 3 McQuillin, *supra,* §1357, pp. 961, 2: See *Tomasini* v. *Municipality,* 50 P.R.R. 763, 70.

The judgment of the district court will be affirmed.